UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL HUNTER et al.<br><br>Plaintiffs,<br><br>vs.<br><br>UNKNOWN NAMED SOUTH DAKOTA CRIMINAL a/k/a/ TROOPER; UNKNOWN NAMED SECRETARY DEPARTMENT OF TRANSPORTATION FOR SOUTH DAKOTA; UNKNOWN NAMED SECRETARY DEPARTMENT OF TRANSPORTATION FOR NORTH DAKOTA; UNKNOWN NAMED SECRETARY DEPARTMENT OF TRANSPORTATION FOR WASHINGTON STATE; AARON MCGOWAN,<br><br>Defendants. | 4:19-CV-04144-LLP<br><br>**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT** |

On August 21, 2019, Plaintiff, Michael Hunter ("Mr. Hunter"), appearing *pro se* filed a complaint on behalf of himself and on behalf of the Civil Rights Center of South Dakota ("the Civil Rights Center") alleging violations of his civil rights under 42 U.S.C. § 1983. Doc. 1. Named defendants are: "Unknown Named South Dakota Criminal a/k/a Trooper; Unknown Named Secretary Department of Transportation, for South and North Dakota, for Washington State; [and] Aaron McGowan." Doc. 1. Mr. Hunter seeks money damages in the amount of $20 million. Doc. 1. In his request for relief, Mr. Hunter seeks an *unspecified* declaratory judgment and a preliminary and permanent injunction, but it is unclear exactly what he seeks to enjoin. Doc. 1.

Pending before the Court is Hunter's Motion for Leave to Proceed in Forma Pauperis, Doc. 2.

## DISCUSSION

Mr. Hunter contends this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action against any "person who, under the color of any

1

statute, ordinance, regulation, custom, or usage, of any State" cause the deprivation of a right protected by federal law or the United States Constitution.  42 U.S.C. § 1983.

### I. History of Vexatious Ligiation

As noted by the Honorable Jeffrey Viken in *Hunter v. Rapid City Police Dep't*, Civ. No. 19-5040 (D.S.D. Nov. 13, 2019) in his opinion screening Mr. Hunter's complaint under 28 U.S.C. § 1915(e)(2)(B), Mr. Hunter is no stranger to the federal courts.  Mr. Hunter has filed at least 14 lawsuits in South Dakota federal courts counting the present case and at least 14 lawsuits in North Dakota.  *See id.* at *1, n.1 & 2.  These suits have almost all been dismissed for failure to state a claim or for failure to serve defendants.

### II. Plaintiff Civil Rights Center of South Dakota

As a preliminary matter, the Court must address the issue of Mr. Hunter's relationship to the other plaintiff, the Civil Rights Center.  Because Mr. Hunter is not an attorney, he is not permitted to file lawsuits on behalf of other another entity.  *See* Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001) (citation omitted) (stating that a non-lawyer has no right to represent another entity in federal court): *see also* Lattanzio v. COMTA, 481 F.3d 137, 139 (2nd Cir. 2007) (noting that 28 U.S.C. § 1654 "does not permit unlicensed laymen to represent anyone else other than themselves").  Accordingly, this court will construe Mr. Hunter's Complaint as asserting only claims on his behalf.

### III. Motion to Proceed In Forma Pauperis

This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed *in forma pauperis* under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).  "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution."  *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted).

Based upon Mr. Hunter's application, he indicates that he is currently unemployed and has very limited assets, is on public assistance, and that his expenses exceed his monthly income. Doc. 2.  Considering the information in his financial affidavit, the Court finds that Mr. Hunter has made the requisite financial showing to proceed *in forma pauperis*.

### IV.     Screening of Complaint

However, the inquiry does not end there.  Congress has directed this Court under 28 U.S.C. § 1915(e)(2)(B) to review and screen claims in a complaint being filed *in forma pauperis* to determine if they are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (quoting *Neitzke v. Williams*, 480 U.S. 319, 324 (1989)). A complaint states a claim upon which relief may be granted if it contains sufficient factual matter, accepted at true to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).  "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. (citation omitted).*

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, at 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  A reviewing court has the duty to examine a *pro se* complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits,* 853 F.2d 586, 588 (8th Cir. 1988); *see also Human v. Rowley,* 205 F.3d 1346, 1999 WL 1204488, at *2 (8th Cir. 1999) (*per curiam*).  However, a court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992).

### A. Defendant Unknown Named South Dakota Trooper

Mr. Hunter alleges that he was illegally arrested for driving while under the influence of a drug by Unknown Named South Dakota Trooper and was falsely imprisoned. Doc. 1, ¶¶ 2, 3. Mr. Hunter claims "sixty five thousand two hundred and thirty nine cents per hour" for his alleged false imprisonment. Doc. 1, ¶ 3.

Mr. Hunter has not alleged the capacity in which he sues defendant Unknown Named South Dakota Trooper. Accordingly, this Court is bound to interpret the complaint as asserting only official-capacity claims against this defendant. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (noting that if plaintiff's complaint is silent about the capacity in which he is suing defendant, the court interprets complaint as including only official-capacity claims).

The Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* Congress did not lift the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. *Will*, 491 U.S. at 65, and the State of South Dakota and the South Dakota Highway Patrol have not waived their immunity and consented to be sued in this case. *See Walker v. Barnett*, Civ. No. 20-4059, 2020 WL 2543171, at *3 (D.S.D. May 19, 2020) (dismissing claim for money damages under § 1915(e)(2)(B) against State of South Dakota on Eleventh immunity grounds); *accord Walker v. Krebs*, Civ. No. 18-5010, 2018 WL 2122862, at *2 (D.S.D. May 8, 2018).

Accordingly, Mr. Hunter's claim for damages alleged against Unknown Named South Dakota Trooper in his official capacity is dismissed.

### B. Defendants Unknown Named Secretary Department of Transportation for South Dakota, North Dakota, and Washington State

As the Court construes Mr. Hunter's Complaint, he alleges that he has been denied a driver's license in violation of his "fundamental right to move about the state and travel." Doc. 1, ¶ 6. Mr. Hunter asserted a similar claim in *Hunter v. Doe*, Civ. No. 18-5011 (D.S.D.) which the Honorable Jeffrey Viken dismissed on screening for failure to state a claim. 2018 WL 1569753, at *2 (D.S.D. 2018). The Supreme Court has long recognized a fundamental right to

interstate travel. *United States v. Guest*, 383 U.S. 745, 757-58 (1966). However, as noted by Judge Viken in *Hunter v. Doe*, "[b]urdens on a single mode of transportation do not implicate the right to interstate travel." *Id.* (quoting *Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999)). The Supreme Court has not "afford[ed] the possession of a driver's license the weight of a fundamental right." *Id.* (quoting *Miller*, 176 F.3d at 1206). Without a right protected by federal law or the United States Constitution, Mr. Hunter fails to state a claim against these Defendants upon which relief may be granted.[1]

### C. Defendant Aaron McGowan

Mr. Hunter alleges that defendant Aaron McGowan had a duty while acting as State prosecuting attorney to not bring "baseless charges" against him. Doc. 1, ¶ 5. In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, and the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). In other words, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

The Court finds that Mr. Hunter's allegations demonstrate that the actions he claims as violations of his constitutional rights were actions that Mr. McGowan took in his role as advocate for the State and Mr. McGowan is thus entitled to absolute prosecutorial immunity against these claims.

Accordingly, it is hereby ORDERED that:

1. Mr. Hunter's Motion to Proceed in Forma Pauperis, Doc. 2, is GRANTED; and

---

[1] The Court also notes that it lacks personal jurisdiction over Unknown Named Secretary Department of Transportation for North Dakota and the State of Washington because under the facts alleged in the Complaint, these state officials did not purposely avail themselves of the privilege of conducting business within the forum State, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see also Moore v. Bertsch*, 450 F.App'x 561 (8th Cir. 2012) (affirming district court's preservice dismissal for lack of personal jurisdiction under § 1915).

2. Mr. Hunter's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated this 7th day of July, 2020.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____